IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02152-RBJ-MJW

RENEE LADWIG,

     Plaintiff,

v.

UNITED AIRLINES, INC.,

     Defendant.

---

**ORDER REGARDING
PLAINTIFF'S MOTION TO COMPEL (DOCKET NO. 34)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

     This matter is before the court on Plaintiff's Motion to Compel (docket no. 34). The court has reviewed the subject motion (docket no. 34) and the response (docket no. 36). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

     The court finds:

     1.    That I have jurisdiction over the subject matter and over the parties to this lawsuit;

     2.    That venue is proper in the state and District of Colorado;

     3.    That each party has been given a fair and adequate opportunity to be heard;

2

4.     That the Federal Rules of Civil Procedure do not provide any

deadline for filing of a motion to compel. However, courts look to

the discovery cut-off date in considering whether a motion to

compel is timely.  See Northwest Territory Limited Partnership v.

Omni Properties, Inc., 2006 WL 3618215, at *1 (D. Colo. 2006)

(citing Days Inn Worldwide, Inc. v. Sonia Investments, 237 F.R.D.

395, 397-98 (N.D. Tex. 2006)).  The other factors that courts

consider in determining whether a motion to compel is timely

include: (1) the length of time since the discovery deadline expired;

(2) the length of time that the moving party has known about the

discovery; (3) whether the discovery deadlines has been extended;

(4) the explanation for the tardiness or delay in filing the motion to

compel; (5) whether dispositive motions have been scheduled or

filed; (6) the age of the case; (7) any prejudice to the party from

whom the discovery is being sought; and (8) any disruption of the

court's schedule .  Id.;

5.     That plaintiff filed the subject motion (docket no. 34) on April 21,

2015, which is four days **after** the discovery cut-off date.  The

discovery cut-off date was April 17, 2015.  Further, that the

dispositive motion deadline is set for May 18, 2015.  See

Scheduling Order (docket no. 22), section 9, subparagraphs b and

c;

6.     That the subject motion (docket no. 34) seeks an Order from the

3

court to compel defendant to respond further to Plaintiff's interrogatories 5 and 10(d) and (e), and request for production nos. 3, 5, 13 and 18.  These interrogatories and requests for production were served upon defendant on October 13, 2014, and defendant responded on November 21, 2014, to this first set of interrogatories and requests for production.  As to plaintiff's third set of requests for admission, interrogatories, and requests for production, they were served upon defendant on February 10, 2015, and defendant responded on March 16, 2015.  As to the ***first two factors*** under Northwest Territory Limited Partnership, the subject motion (docket no. 34) was filed approximately five months after plaintiff received the defendant's initial objections and responses to plaintiff's first set of interrogatories, requests for admissions, and requests for production;

7.     That as to the ***third factor*** under Northwest Territory Limited Partnership, Judge Jackson denied Plaintiff's Motion to Modify Scheduling Order and Continue Discovery Cut-Off to Allow for Further Written Discovery (docket no. 30) [filed on March 23, 2015] on March 25, 2015.  See docket no. 33.;

8.     That as to the ***fourth factor*** under Northwest Territory Limited Partnership, the plaintiff provides no explanation for the tardiness or delay in filing her motion to compel (docket no. 34);

4

9.      That as to the ***fifth and sixth factors*** under <u>Northwest Territory</u> <u>Limited Partnership</u>, the dispositive motion deadline is May 18, 2015, and this case was filed on August 3, 2014.  See Scheduling Order (docket no. 22), section 9 b. and Complaint (docket no. 1);

10.     That as to the ***seventh factor*** under <u>Northwest Territory Limited</u> <u>Partnership</u>, the defendant would suffer prejudice by having to spend additional resources, time, and expense, at this late stage of the litigation, responding to discovery after the discovery cut-off date has expired and while in preparation for filing of dispositive motions;

11.     That as to the ***eighth factor*** under <u>Northwest Territory Limited</u> <u>Partnership</u>, there would be a disruption in the timely filing of dispositive motions and legal briefing at this late stage of this case if the subject motion (docket no. 34) were granted; and

12.     That  Plaintiff's Motion to Compel (docket no. 34) is clearly untimely and should be denied.

## ORDER

**WHEREFORE,** based upon these findings of fact and conclusions of law this court **ORDERS:**

1.      That  Plaintiff's Motion to Compel (docket no. 34) is **DENIED**; and

2.      That each party shall pay their own attorney fees and costs for this motion.

5

Done this 28th day of April 2015.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE