IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-002152-RBJ

RENEE LADWIG,

    Plaintiff,

v.

UNITED AIRLINES, INC.,

    Defendant.

---

## ORDER

---

This matter is before the Court on an objection to a magistrate judge's ruling on a discovery dispute. The ruling is affirmed.

## FACTS ALLEGED

Renee Ladwig worked for United Airlines for several years, dating back to sometime before 2005. In that year she became a Ramp Supervisor in Denver baggage operations. In 2011 Kenneth Brown was named Managing Director of Ramp Operations at Denver International Airport. According to the Amended Complaint [ECF No. 9], in October 2011 a Ramp Service Employee, Kenny Browder, assaulted Ms. Ladwig by kicking a chair which struck and injured her. Ms. Ladwig reported the incident to United's Denver Human Services Manager. Ms. Ladwig alleges that Mr. Brown was "furious" that she had reported the incident to the Human Services Manager rather than to him, and as a result, Mr. Brown began a "campaign of

retaliation" against her. He placed her on involuntary leave and ordered her to participate in United's Employee Assistance Program but not to report to work until further notice. Ms. Ladwig reported those events to the Human Services Manager. She alleges that the Human Services Manager told her that his "hands were tied because Mr. Brown was now in charge of the investigation. Ms. Ladwig learned that soon thereafter the Human Services Manager was demoted.

Ms. Ladwig alleges that Mr. Brown required her to complete an unnecessary "fitness for duty" evaluation. In a meeting Mr. Brown told her that she was not cut out to be a supervisor because she had gone over his head in reporting the assault. Meanwhile Mr. Browder was not held out of service as long as Ms. Ladwig, and he was not required to complete a "fitness for duty evaluation." Upon her return to work Ms. Ladwig was called a "snitch" and was mistreated in various ways by Mr. Browder and others. Although Ms. Ladwig was transferred to a different area of the baggage operation in January 2012, the hostile behavior followed her there. She reported the ongoing retaliation and harassment to Mr. Brown and a Ramp Manager, but a disagreement between Mr. Brown and the Ramp Manager resulted in Mr. Brown's ending the meeting. Next Ms. Ladwig reported the retaliation and harassment to United's Station Manager who responded that she should not wear her emotions on her sleeve.

In February 2012 Ms. Ladwig reported ongoing retaliation, harassment and intimidation to United's Ethics & Compliance hotline. Her statement was taken. In March 2012 Ms. Ladwig participated in an unsuccessful "mediation" with Mr. Brown. Two weeks later Mr. Brown issued a "failed" performance review and a "Final Warning Notice." He also put her on a Performance Improvement Plan. She alleges that Mr. Brown cited a breach of confidentiality arising from

Ms. Ladwig's warning another supervisor to watch out for Mr. Browder, and she says that Mr. Brown expressed improper gender-based stereotypes by accusing her of letting her personal emotions come out. She cites incidents involving other employees that illustrate Mr. Brown's gender bias.

United did terminate Mr. Browder in May 2012, but Mr. Brown later rehired him. Meanwhile, Ms. Ladwig was being told by others that she was doing well with her Performance Improvement Plan. But Mr. Brown did not release her from it. Rather, in July 2012 he terminated her employment.

## CASE HISTORY

Ms. Ladwig filed this lawsuit on August 3, 2014. In her Amended Complaint she asserts two claims: (1) disparate treatment based upon her gender in violation of Title VII of the Civil Rights Act of 1964, and (2) retaliation in violation of Title VII. Following a scheduling conference the Court issued a Scheduling Order on October 17, 2014. The Scheduling Order adopted the parties' proposed discovery cut-off of April 17, 2015. ECF No. 22 at 10.The Court also accepted the parties' proposed deadline for service of interrogatories and other written discovery: March 13, 2015. *Id.* at 11. The Court set a final pretrial conference on September 2, 2015 and a five-day jury trial to begin September 21, 2015.

On March 23, 2015 Ms. Ladwig's counsel moved for a continuance of the discovery cut-off so that she could serve additional written discovery. She explained that she discovered the need for the additional discovery in depositions taken during the week of March 9, 2015, but that she had been unable to formulate her fourth set of written discovery by the March 13, 2015

deadline due to a rigorous deposition schedule wherein nine depositions had been taken during the course of two days in late January and four days during the week of March 9.

Defendant objected to a continuance of the discovery cut-off, noting among other things that the deadline had passed before the motion was filed; that plaintiff had already served three sets of written discovery; that the additional written discovery plaintiff was now requesting consisted of one interrogatory and five requests for production of documents, one of which had 55 subparts; and that plaintiff had not demonstrated excusable neglect; and that plaintiff's counsel had brought the rush of depositions in March on herself by refusing to schedule depositions in February due to her taking the California bar examination on two days during that month. ECF No. 31 at 2-4.

The Court initially heard the parties' arguments during a telephone scheduling conference on March 26, 2015. The motion to modify the Scheduling Order and to extend the discovery cut-off was denied. ECF No. 33. After the discovery cut-off expired plaintiff moved to compel additional responses to her first and third sets of requests for admission, interrogatories and requests for production. ECF No. 34. United opposed the motion on grounds that it was untimely; that plaintiff had not provided good cause for her delay in filing the motion; that the additional discovery sought was overly broad and unduly burdensome; and that additional discovery would disrupt United's preparation of a dispositive motion by the May 18, 2015 deadline. . ECF No. 36. This time the Court referred the disputed to a magistrate judge.

On April 28, 2015 Magistrate Judge Watanabe denied the motion to compel based upon findings of fact and conclusions of law set forth in his order. ECF No. 37. Judge Watanabe applied eight factors that he had found to be relevant to the timeliness of a motion to compel in

an earlier case, *Northwest Territory Limited Partnership v. Omni Properties, Inc.,* No. 05-cv-02407-MJW-PAC, 2006 WL 361825, at #1 (D. Colo. Dec. 11, 2006) (citing *Days Inn Worldwide, Inc. v. Sonia Investments,* 237 F.R.D. 395, 397-98 (N.D. Tex. 2006, which collected other cases).  He found that the motion was filed after the discovery cut-off (though only four days after); that the motion was filed five months after United's response to the first set of written discovery (albeit only 22 days after United's response to the third set of written discovery); that this Court had denied plaintiff's motion to extend the discovery cut-off; that plaintiff had provided no explanation for her delay in filing her motion to compel; that the case had been filed in August 2014; that United would be prejudiced by having to spend additional resources, time and expense at this late stage of the case; and that the filing of dispositive motions by the May 18, 2015 deadline would be disrupted.  ECF No. 37 at 3-4.

Plaintiff then moved for reconsideration, noting among other things that the magistrate judge had issued his order before receiving her reply.  ECF No. 40.  That motion generated a response and reply.  ECF Nos. 42 and 43.  This Court referred the motion to Judge Watanabe who denied the motion to reconsider.  ECF No. 49.  Plaintiff then filed an objection to the denial of her motion to reconsider, to which United responded.  ECF Nos. 52 and 54.  Plaintiff also filed a motion prohibiting defendant from obstructing her efforts to interview certain United employees, whom she labeled as "bystander witnesses."  ECF No. 53.

At that point this Court issued a minute order directing lead counsel for the parties to meet in person and attempt to resolve the discovery problems in good faith.  ECF No. 55.  In a status report filed June 11, 2015 plaintiff's counsel reported that counsel had met, and that the dispute concerning the "bystander witnesses" had been resolved, and she would withdraw that

5

motion. ECF No. 56 at 1. She reported that United also agreed to produce the personnel files of Mr. Browder and three other employees, but that defense counsel would not confirm that the files contained any of the specific categories of documents that plaintiff had requested. She expressed concern that the personnel files might have been "purged," and that the agreement to produce those files might have been a "subterfuge for highly selective production by United management. *Id.* at 1-2.

Plaintiff's counsel also noted that United would not agree to a "due date" for the production of the personnel files, albeit acknowledging that she did not anticipate any undue delay, and that United was standing on its objections to other interrogatories. *Id.* at 2-3. She requested a ruling on her motion to compel responses to two interrogatories and one request for production and indicated that she was reserving her right to seek rulings on her motion to compel as to two other requests for production and to seek sanctions. ECF No. 56.

United responded with a notice that it would not file a response to the status report unless requested to do so by the Court. ECF No. 57.

## FINDINGS, CONCLUSIONS AND ORDER

When a non-dispositive pretrial matter is referred to a magistrate judge, the magistrate judge "must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). The district court then considers any timely objection to the order and must "modify or set aside any part of the order that is clearly erroneous or contrary to law." *Id.*

Here, this Court referred plaintiff' motion to compel additional responses to written discover to the magistrate judge, as described earlier in this Order. The magistrate judge denied

the motion based upon written findings and conclusions. Plaintiff moved to reconsider, and this Court referred that motion to the magistrate judge, noting that his order had been issued before plaintiff's reply was due. ECF No. 48. Plaintiff timely objected, and she also filed a motion regarding defendant's interference with so-called bystander witnesses. This Court directed counsel to confer and attempt to resolve the lingering disputes, which they did but only partially successfully. Plaintiff then asked the Court to rule on her objections, to the extent that they had not been resolved by counsel. United has not further responded, and the matter is now ripe for decision.

The motion to compel was untimely. In exercising his discretion as to whether to compel further discovery responses notwithstanding the untimeliness of the motion, the magistrate judge considered and addressed eight factors originally taken for a reported decision of the District Court for the Northern District of Texas. This was not clear error. The factors listed and considered are reasonable and appropriate in the circumstances. Nor do I find that the magistrate judge committed clear error (including an abuse of discretion) in applying the eight factors to the facts of this case.

The parties created their own discovery schedule and allowed themselves six months for discovery. During that period of time the plaintiff served three sets of written discovery, and numerous depositions were taken. This Court denied plaintiff's request to extend the discovery deadline. The motion to compel, filed after the discovery deadline expired, amounted in substance to a continuation of discovery. Even after counsel again conferred, at this Court's direction, plaintiff is not satisfied due to suspicion that United's management might be engaged in a game of hide the ball. Having reviewed the whole, long history of discovery problems in

7

this case, I am not convinced. I am convinced that the magistrate judge committed no clear error.

Accordingly,

1. Plaintiff's objection to the magistrate judge's orders denying her motion to compel and for reconsideration [ECF No. 52] is overruled (denied). The orders of the magistrate judge are affirmed.

2. Plaintiff's motion for orders re: bystander witnesses [ECF No.53] is moot, as plaintiff has indicated that this motion is withdrawn.

DATED this 15th day of June, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge