IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-002152-RBJ

RENEE LADWIG,

    Plaintiff,

v.

UNITED AIRLINES, INC.,

    Defendant.

---

## ORDER

---

The parties have filed and briefed four motions in limine.  The Court rules as follows:

**1.  Plaintiff's Motion to Exclude Comparator Evidence Not Disclosed in Discovery [ECF No. 77]: GRANTED.**

This motion asks the Court preclude the defendant from offering any evidence that would have been responsive to plaintiff's Interrogatories Nos. 4, 5 and 6 or plaintiff's Request for Production No. 5 but was not produced to the plaintiff.  The Court does not know whether defendant has any intention of using any such evidence, but if so, it will not be admitted.  One reaps what one sows.  The Court expects counsel, as professionals, to honor this order without wasteful arguing during the trial along the lines of "yes we did, no you didn't."

## 2. Plaintiff's Motion to Exclude Evidence of Prescription Pain Medication [ECF No. 78]: GRANTED IN PART, DENIED IN PART.

Plaintiff asks the Court to exclude evidence of her use of prescription opioid medication for treatment of what she calls unrelated physical injuries she suffered in 2007. The motion has nothing to do with the Colorado Psychiatry Center or medications prescribed for emotional issues that she contends were caused by the defendant.

Defendant took the deposition of John Thomas Sacha, M.D., a physician who was treating the plaintiff under a workers' compensation claim. Dr. Sacha discharged the plaintiff as a patient in March 2015 because of a "fractured patient/physician relationship." He had prescribed ibuprofen, but he learned through the Prescription Drug Monitoring Program that a Physician's Assistant in plaintiff's primary care doctor's office had prescribed Vicodin ES, an opioid, for her, and that plaintiff had been receiving opioid medications since 2007 when the PDMP was created. Dr. Sacha considered plaintiff's obtaining "short-acting opioid analgesics in fairly significant amounts from a PA at a primary care physician's office outside the work comp realm" and not telling him about it to be "at the very least dishonest. At the most, directly out of bounds for any type of patient behavior." ECF 82-3 at 3 (depo. p. 16). Later, in response to a question as to whether he had ever considered plaintiff to be someone suffering from moderate to severe depression, Dr. Sacha said "no," but he then volunteered that "[y]ou certainly could have anxiety and depression just from taking those meds. It's not only common, it's a side effect that most labels have on them. So her anxiety and her difficulty sleeping and things like that make a heck of a lot more sense now." *Id.* at 4 (depo. p. 29).

Defendant argues that this testimony is relevant to plaintiff's credibility and to the cause of her alleged emotional damages. Plaintiff objects to the proposed testimony from Dr. Sacha because he is not qualified to express opinions on causation of her emotional injuries, he was not endorsed as an expert for that (or any) purpose, his opinions as to her truthfulness should be excluded under Fed. R. Evid. 608(a), and the relevance of such evidence, if any, is substantially outweighed by the danger of unfair prejudice such that it should be excluded under Rule 403.

This dispute must be viewed in two parts. Dr. Sacha's opinion that it was "dishonest" to obtain opioids from another doctor with telling him has minimal relevance, if any, to the truthfulness of plaintiff's testimony, under oath, about her experience at United Airlines. The testimony invites speculation that plaintiff abuses drugs.[1] The danger that a juror might have a negative emotional reaction to plaintiff on that basis substantially outweighs the minimal probative value of the evidence.

The possible relevance of opioid consumption to causation of emotional damages is a different issue. I agree with plaintiff that Dr. Sacha's opinions are inadmissible. Setting aside whether he has sufficient knowledge of the extent of plaintiff's opioid consumption during the relevant time frame or expertise in diagnosing the cause of emotional injuries, which the deposition record doesn't establish one way or the other, Dr. Sacha apparently was not endorsed by the defendant as an expert witness. I do, however, find that his deposition testimony at least gives the defense a good faith basis to question plaintiff about her opioid use during the relevant time period (avoiding any suggestion of impropriety), and if her response is affirmative, then to

---

[1] Dr. Sacha seems to harbor the same suspicion. He testified that plaintiff "freely admits that she has family members who have had significant issues with misuse of opioids *as well*." *Id.* at 3 (depo. p. 16) (emphasis added).

3

cross-examine any qualified plaintiff expert who testifies for the plaintiff about her emotional injuries or damages concerning whether such opioid use could cause anxiety, depression or other emotional issues. If plaintiff's expert denies it, then I would permit defendant to call a qualified rebuttal expert.

### 3. Defendant's Motion to Exclude References to United Airlines' Confidentiality Acknowledgements as "Gag Orders"[ECF No. 83]: GRANTED.

Plaintiff's response states that she withdraws her objections to the motion, but it then spends three pages arguing that the term "gag order" is not inflammatory or prejudicial, and that she does anticipate using the term "gag." While I think defendant might be unduly sensitive (and that using the terms could backfire against the plaintiff), I find that the term in ordinary usage is sufficiently pejorative as to make its use by the plaintiff or plaintiff's counsel unfairly prejudicial. Therefore, the Court directs them not to use the terms "gag" or "gag order," and to advise witnesses called by the plaintiff not to use those terms.

That is not to say that plaintiff cannot aggressively criticize the policy, express skepticism that it was motivated solely to protect the privacy of employees, suggest that it limits the ability of employees who feel victimized to develop evidence, etc. This order refers only to the specific terms "gag order" and "gag."

### 4. Defendant's Motion to Exclude Evidence Regarding Upgrade Area Managers [ECF No. 84]: DENIED.

Defendant's motion broadly asks the Court to exclude, in limine, "any and all evidence regarding upgrade area managers," essentially because plaintiff never applied for that position (making the evidence irrelevant) and because it could lead to a "trial within a trial" that would

4

consume a great deal of time and possibly confuse or mislead the jury, thereby increasing the likelihood that the jury would seek to hold defendant liable for actions unrelated to plaintiff's employment (making the evidence unfairly prejudicial). Plaintiff's response says little about upgrade area managers as such. Rather, she focusses primarily on evidence concerning Ken Brown's alleged treatment of Jaymee Barrington, which plaintiff says mirrored the treatment she received from Mr. Brown, and which in both cases was tolerated by upper management.

Based on plaintiff's description of the testimony she wishes to present, the evidence appears to be relevant to plaintiff's claim that because she complained about gender-based discrimination, she suffered retaliation in the form of negative (but pretextual) performance reviews, performance improvement plans, warning notices, and termination of employment. If the Barrington evidence adds time to the trial, so be it; if the case cannot be tried in the five days allotted, it will continue until it is completed. I do not share defendant's concern that a jury would be so confused or misled by this evidence as to decide this case on an improper basis. As for evidence concerning upgrade area managers more broadly, I will have to consider that once I know what evidence is being offered and how it fits in the context of the other evidence at trial.

DATED this 7th day of January, 2016.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge